UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOUIS HENRY SAUNDERS, JR.,

        Plaintiff,

-against-

NYC HEALTH AND HOSPITAL FAMILY
COURT MENTAL HEALTH SERVICE;
DAVID USDAN, PhD AND ASSOCIATES;
MICHAEL DUNCANSON,

        Defendants.

25-CV-1482 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] By order dated March 6, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. *See Saunders v. NYC Health & Hosp.*, No. 24-CV-7411 (E.D.N.Y. Feb. 15, 2025). By order dated February 15, 2025, the Eastern District transferred this action to this court. (ECF 4.)

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action against "NYC Health and Hospital ["H+H"] Family Court Mental Health Service"; Michael Duncanson, whom Plaintiff describes as Senior Director for Operations and Planning, and who appears to work or have worked for Family Court Mental Health Service; and David Usdan, PhD. Plaintiff states that the events giving rise to his claims

2

occurred in September 2016 at the Family Court Mental Health Service office, which appears to be located at the New York County Family Court.

The following facts are drawn from the complaint.[2] In the course of unspecified proceedings in the New York County Family Court, Judge Emily Ruben directed Plaintiff to undergo a "mental evaluation." (ECF 1, at 4.) On September 9, 2016, Plaintiff was evaluated by Clinician Defendant Dr. Usdan for approximately 50 minutes. Plaintiff maintains that Dr. Usdan's evaluation of him "was clearly based off a[] report [and] [f]rom an interview with" an Administrative for Children's Services ("ACS") Child Protective Specialist named Aunetrius Raysor. (*Id.*) The ACS worker "falsif[ied] documents" and "g[a]ve false statements" to Dr. Usdan and to the judge. (*Id.*) Plaintiff asserts that he was "[f]ramed[] by a court system + it's institution[]s to keep Domestic Violence a 1-6 Ratio." (*Id.*) Plaintiff alleges that Dr. Usdan's report was "biased," possibly either for or against men. (*See id.* at 4, 5.)

Plaintiff sent a letter containing "crucial evidence" to H+H, but, on June 15, 2017, he received a response "basically saying we stand behind our report to the Court." (*Id.* at 4.) Plaintiff attaches a copy of the that letter, which was signed by Defendant Duncanson. In the letter, Duncanson acknowledges receipt of Plaintiff's letter requesting that changes to be made to a clinical report, but states, "That report has already been submitted to the Court, and Family Court Mental Health Services can take no action regarding your request." (*Id.* at 6.)

Plaintiff alleges that, since Dr. Usdan issued his report, his mental and physical health have diminished, and that he suffers from insomnia and serious medical conditions.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

Plaintiff seeks money damages and an order directing that Dr. Usdan "no longer practice." (*Id.* at 5.)

## DISCUSSION

**A.     Claims against Dr. Usdan**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Dr. Usdan appears to be a private medical professional who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against him under Section 1983.

Even if Dr. Usdan were employed by the City of New York or H+H, he would be entitled to immunity from Plaintiff's claims. Plaintiff sues Dr. Usdan in connection with an examination and report that he provided to the New York County Family Court, which had ordered that Plaintiff undergo an evaluation with Dr. Usdan. "Certain actors associated with the courts enjoy absolute, quasi-judicial immunity from suit because such immunity is 'necessary to protect the judicial process.'" *Gross v. Rell*, 695 F.3d 211, 215 (2d Cir. 2012). Quasi-judicial immunity has been applied to medical professionals who conduct court-ordered examinations and prepare reports for use in family court proceedings. *See Cherner v. Westchester Jewish Cmty. Servs., Inc.*, No. 22-642-CV, 2022 WL 17817882, at *1 (2d Cir. Dec. 20, 2022) (finding that family court-ordered forensic evaluation and report to court to aid in court's decision in a child custody proceeding was "integrally related to an ongoing judicial proceeding" and therefore defendants who performed these actions were entitled to quasi-judicial immunity) (summary order); *Dees v.*

*Zurlo*, No. 24-CV-0001, 2024 WL 1053237, at *9 (N.D.N.Y. Mar. 11, 2024) (finding that medical professionals appointed to by family court to perform psychological assessments were entitled to quasi-judicial immunity), *report and recommendation adopted*, 2024 WL 2291701 (N.D.N.Y. May 21, 2024), *aff'd sub nom. Dees v. Knox*, No. 24-1574-CV, 2025 WL 485019 (2d Cir. Feb. 13, 2025); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Absolute immunity has extended to . . . court-appointed doctors and psychiatrists . . . ."), *aff'd*, 434 F. App'x 32 (2d Cir. 2011).

Plaintiff's claims against Dr. Usdan arise from his involvement in conducting a court-ordered psychological evaluation of Plaintiff and submitting a report to the family court. Even if Dr. Usdan could be considered a state actor under Section 1983, Plaintiff's claims against him would be barred by quasi-judicial immunity.

**B.    Claims against Duncanson**

Plaintiff's allegations are insufficient to state a viable Section 1983 claim against Duncanson. The only reference to Duncanson in Plaintiff's submission is an attached letter signed by Duncanson, in response to a communication from Plaintiff, which states that Dr. Usdan's report "has already been submitted to the Court, and Family Court Mental Health Services can take no action regarding your request." (ECF 1, at 6.) Even if the Court assumes that Duncanson, who appears to be an employee of H+H, is a state actor for purposes of Section 1983, the complaint does not allege enough factual detail to plausibly suggest a viable constitutional claim against this defendant. The Court therefore dismisses Plaintiff's Section 1983 claims against Duncanson for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his Section 1983 claims against Duncanson in an amended complaint.

**C.    Claims against H+H**

It is unclear from the complaint whether Plaintiff intends to sue H+H and Family Court Mental Health Service as two separate entities. Under the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the federal court is located. *See* Fed. R. Civ. P. 17(b)(3). New York law states that agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

Under New York law, H+H has the capacity to be sued. *See* N.Y. Unconsol. Laws § 7385(1). State law, however, does not grant facilities operated by H+H the capacity to be sued. *Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 288 (S.D.N.Y. 2006) ("[A] facility owned and operated by [H+H] . . . may not be sued in its independent capacity"); *Ayala v. Bellevue Hosp.*, No. 94-CV-1551 (WHP), 1999 WL 637235, at *3 (S.D.N.Y. Aug. 20, 1999) ("[S]ince Bellevue is merely a facility within [H+H], it too lacks the capacity to be sued."). To the extent Plaintiff seeks to assert claims against Family Court Mental Health Service, which appears to be a facility or office operated by H+H, as a separate entity, those claims must be dismissed because this defendant lacks the capacity to be sued.

In light of Plaintiff's *pro se* status, the Court will construe his claims against Family Court Mental Health Service as asserted against H+H. To state a Section 1983 claim against municipal agency such as H+H, it is not enough for the plaintiff to allege that one of its employees or agents engaged in some wrongdoing. The plaintiff must show that the entity itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). A plaintiff must allege facts showing (1) the existence of an H+H policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying standard for Section 1983 municipal liability to H+H).

Here, Plaintiff does not allege facts showing that a policy, practice, or custom of H+H caused a violation of his constitutional rights. Plaintiff instead alleges a single incident in which a psychologist, whom he does not allege to be an employee of H+H, submitted to the New York County Family Court a psychological evaluation that Plaintiff believes to be inaccurate. To the extent Plaintiff alleges that Duncanson, as an employee of H+H, told Plaintiff that Family Court Mental Health Service could not alter or amend Dr. Usman's report because it had already been submitted to the family court, those allegations do not suggest that H+H has any policy, custom, or practice that violated Plaintiff's rights. The Court therefore dismisses Plaintiff's Section 1983 against H+H for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his Section 1983 claims against H+H in an amended complaint.

**D.    Timeliness**

Plaintiff's Section 1983 claims also appear to be time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y.

7

C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff alleges that his rights were violated when Dr. Usdan evaluated him and provided a report to the family court in 2016. He therefore knew of any alleged injury around that time, and the statute of limitations for such a claim therefore would have expired three years later, in 2019. Plaintiff did not file the complaint in this action until October 23, 2024, years after the limitations period expired.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See, e.g.*, *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be

8

heard before dismissing complaint *sua sponte* on statute of limitations grounds). If Plaintiff repleads his Section 1983 claims in an amended complaint, he must allege facts demonstrating that his claims are timely or that equitable tolling should apply.

E.  **Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say at this

9

time that amendment would be futile with respect to Plaintiff's ability to state a viable Section 1983 claim against Duncanson or H+H, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above. Plaintiff should only file an amended complaint if he can allege additional facts suggesting a viable Section 1983 claim against Duncanson and H+H, and that such claim is timely or that equitable tolling should apply.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   June 16, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge